IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRISTOPHER JENNINGS AND         )
J. BRUCE JENNINGS,               )
                                 )
        Plaintiffs,              )
                                 )
v.                               )          Case No. 1:24-cv-01013-JDB-jay
                                 )
STEVE LEGENS, d/b/a              )
LEGENS HOT ROD SHOP,             )
                                 )
        Defendant.               )

<u>ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>

        Before the Court is the motion of Defendant, Steve Legens, doing business as Legens Hot

Rod Shop ("Legens"), for partial judgment on the pleadings to dismiss Christopher Jennings

("Christopher") as a Plaintiff.  (Docket Entry ("D.E.") 20.)  Christopher filed a response, and

Legens declined to file an optional reply.  (D.E. 21); *see* LR 12.1(c).  For the following reasons,

Defendant Legens' motion is denied.

I.        FACTUAL BACKGROUND

        Christopher, a resident of California, owns a 1963 split-window Chevrolet Corvette that he

intended to restore as a gift to his father, his co-Plaintiff, Bruce Jennings ("Bruce").[1]  (D.E. 16 at

PageID 300–01.)  Bruce corresponded with Legens for the transportation of the Corvette from

Knoxville, Tennessee to Legens' mechanic shop in Martin, Tennessee.  (*Id.*). The vehicle remained

_____

        [1] The following facts are derived from Plaintiff's First Amended Complaint (D.E. 16) and
are accepted as true for purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Parry v. Mohawk Motors of
Michigan, Inc.*, 236 F.3d 299, 307 (6th Cir. 2000) (citing *In re Atlas Van lines, Inc.*, 209 F.3d 1064,
1067 (8th Cir. 2000)) (explaining that when a plaintiff files an amended complaint, the amended
complaint is the controlling pleading).

at Legens' mechanic shop for more than five years.  (*Id.* at 302.)  Over the course of that time, Christopher paid over $180,000 to Legens for parts and labor.  (*Id.*)  However, starting in the Fall of 2021, Christopher noticed that Legens was billing him for work that was not performed.  (*Id.* at PageID 302–03.)  From then to Winter 2022, Christopher tried to communicate his concerns to Legens to no avail.  (*Id.*)  Throughout the process, Legens represented that the restoration was being performed, including through sending pictures of the rebuild process (though Christopher discovered later that some of those photographs were misleading).  (*Id.* at PageID 304–05.)

Eventually, Christopher picked up the Corvette and took it to another mechanic in April 2023.  (*Id.* at PageID 303.)  That mechanic determined that issues remained with the restoration and that some of the work billed by Legens was not performed.  (*Id.* at 303–04.)  Further, the work that Legens performed was of poor quality.  (*Id.*)  Finally, Legens retained parts purchased by Christopher even after Christopher retrieved the car.  (*Id.* at PageID 305–06.)

## II.      STANDARD OF REVIEW

The standard of review for motions for judgment on the pleadings is the same as that for motions to dismiss for failure to state a claim upon which relief can be granted.  *See Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)); *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)).  Thus, the court accepts all well-pleaded allegations as true, asks whether there are any material factual issues, and, if not, may grant a movant's request if they are "entitled to judgment as a matter of law."  *See JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (first quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973); and then quoting *Paskavan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d

1233, 1235 (6th Cir. 1991)).  However, the court need not regard legal conclusions or unplausible factual assertions as true.  *Id.* (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

### III.       LAW & ANALYSIS

Legens moved for partial judgment on the pleadings claiming that Christopher failed to plead the existence of a contract between the parties.[2]  (D.E. 20-1 at PageID 573–76.)  Instead, according to Legens, any contract—if one existed—was between Legens and Bruce.  (*Id.*)  As such, any payments made by Christopher on Bruce's behalf were volunteered and do not establish privity between Christopher and Legens.  (*Id.* at PageID 575–76.)

Christopher responded that he pleaded sufficient facts to support a breach of an express (or, at a minimum, implied) contract action under Tennessee law.  (D.E. 21 at PageID 582–86.)  Particularly, Christopher highlighted that he financed the majority of the restoration, Legens corresponded with him about the build at times and sent him updates on its progress, and Legens sent him a copy of the customer information packet at the beginning of the process.  (*Id.*)  According to Christopher, these facts establish the existence of an enforceable contract.  (*Id.*)  Finally, Christopher averred that by retaining Christopher's funds and parts for which he paid and not performing the work contemplated by the accord, Legens breached the contract and caused Christopher damages.  (*Id.* at PageID 585–86.)

Under Tennessee law, a plaintiff must allege the following to plead a prima facie breach of contract: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract."  *Tolliver v. Tellico Village*

---

[2] Defendant suggested that he is seeking dismissal of all of Christopher's claims.  (D.E. 20-1 at PageID 576.)  However, Defendant only contended that Plaintiff failed to plead a breach of contract, which is only one count of the six-count amended complaint.  (D.E. 16.)  Thus, the instant motion is more appropriately characterized as one for partial judgment on the pleadings.

*Property Owners Ass'n*, 579 S.W.3d 8, 25 (Tenn. Ct. App. 2019) (quoting *C & W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007)).  An enforceable contract "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced."  *Doe v. HCA Health Services of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001) (internal quotation marks omitted) (quoting *Higgins v. Oil, Chem., & Atomic Workers Int'l Union, Local #3-677*, 811 S.W.2d 875, 879 (Tenn. 1991)).  Furthermore, as the Tennessee Supreme Court has noted, the terms of a contract must be definite and "of sufficient explicitness" to permit a court to ascertain the obligations of the parties.  *Id.* (citations omitted).  The certainty of the accord's terms need not "be apparent from the promise itself, so long as the promise contains a reference to some document, transaction or other extrinsic facts from which its meaning may be made clear."  *Id.* (quoting 1 Richard A. Lord, *Williston on Contracts* § 4:27, at 593 (4th ed. 1990)).

A contract does not have to be memorialized in writing or expressly made to be enforceable.  *See Thompson v. Hensley*, 136 S.W.3d 925, 930 (Tenn. Ct. App. 2003).  Tennessee recognizes the existence of implied contracts.  *Id.*  A contract implied in fact "arises under circumstances which show mutual intent or assent to contract."  *Id.* (internal quotation marks omitted) (quoting *Givens v. Mullikin*, 75 S.W.3d 383, 407 (Tenn. 2002)).  Courts may imply the existence of a contract where "the conduct of the parties and the surrounding circumstances show mutual assent to the terms of the contract."  *Id.* (citation omitted).

Here, the circumstances pleaded by Plaintiff are sufficient—at least at this stage—to allege the existence of an enforceable agreement.  Specifically, Christopher avers: (1) that he is the owner of the Chevrolet Corvette at issue; (2) that he personally paid over $180,000 to Legens for the

restoration project; (3) that Legens corresponded with Plaintiff throughout the project; and (4) that Defendant made representations to Christopher over a five-year period that Legens was performing the work contemplated for the project.  (D.E. 16 at PageID 301–03.)  These allegations, accepted as true, are sufficient to demonstrate the existence of an implied contract at the minimum.  It appears from the amended complaint that Christopher contracted with Legens for restoration services for his Corvette, as evidenced by delivery of the vehicle to Legens' shop and the payment of over $180,000 for such services.  (*Id.*)  Further, for funds received, the agreement indicated that Legens would perform repair work in a reasonable manner, and Legens acknowledged his obligations under the contract through corresponding with Christopher about the build and representing that he was performing the work.  (*Id.*)  Thus, Christopher has adequately pleaded the existence of a contract.[3]

Likewise, Christopher has sufficiently alleged that Legens breached this contract by providing unsatisfactory work, not performing services for which he paid, and retaining parts financed by him.  (*Id.* at PageID 303–07)  Christopher has also averred that he suffered damages because of Legens' non-performance.  (*Id.*)  Thus, the complaint alleges a breach of contract.

---

[3] Throughout Legens' motion, he claims that he was in privity with Bruce, not Christopher. (D.E. 20-1.)  It is possible that the evidence may support that position following discovery; however, the province of a motion for judgment on the pleadings is to test the pleadings of the non-movant, not extrinsic evidence.  *See supra* Part II. Christopher's complaint plausibly alleges the existence of privity of contract between the parties, and, accordingly, must survive a Rule 12(c) motion.

IV.      CONCLUSION

Accordingly, Defendant's motion for partial judgment on the pleadings (D.E. 20) is DENIED.

IT IS SO ORDERED this 16th day of August 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE